IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Daniel L. Rittener, Sr., | : | |
| Plaintiff | : | Civil Action 2:10-cv-00628 |
| v. | : | Judge Holschuh |
| Andre Jackson, *et al.*, | : | Magistrate Judge |
| Defendants | : | |

## INITIAL SCREENING
## REPORT AND RECOMMENDATION

Plaintiff Daniel L. Rittener, Sr., an inmate at the Corrections Medical Center at the time of the events alleged in the complaint, brings this prisoner civil rights action under 42 U.S.C. §1983. This matter is before the Magistrate Judge for a Report and Recommendation on initial screening of the complaint pursuant to 28 U.S.C. §1915A(a) and (b)[1] and 42 U.S.C. §1997e(c) to identify cognizable claims, and to dismiss the

---

[1]The full text of §1915A reads:

> (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for Dismissal.--On review the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
> (1) is frivolous, malicious, or fails to state a

complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  The Magistrate Judge finds that the complaint fails to state a claim upon which relief may be granted and therefore **RECOMMENDS** dismissal of the complaint.

The complaint alleges that on September 4, 2009 Rittner was transported by defendants S. West and D. Bryant from the Corrections Medical Center to the OSU Medical Center for scheduled cervical and spinal surgery described as Radio-Frequency Ablation. The surgery was scheduled for 11:00 a.m., but they arrived at the inmate holding area at the hospital at about 5:30 a.m. Rittner "suffered severe neck and back pain, was handcuffed with belly chain and leg restraint" for about 5½ hours. Complaint ¶ 15. The complaint alleges that Rittner was "[w]ithout the benefit of any pain medicatin," but it does not allege that he asked for any. *Id.* The complaint argues that defendants West and Bryant subjected Rittner to cruel and unusual punishment by transporting him to the hospital 5½ hours before the surgery. Complaint, ¶ 18.

---

claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

(c) Definition.--As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentence for, or adjudicated delinquent for, violations of criminal law or terms and conditions of parole, probation, pretrial release, or diversionary program.

The complaint alleges that defendant Andre Jackson was eager to leave work for a three day holiday weekend drinking spree and that he told medical personnel to stop talking with Rittner before the surgery. The medical personnel were reassuring Rittner that they would perform the surgery well.  Complaint ¶¶ 26-33. In the recovery room following surgery, Jackson again tried to hurry medical personnel so he could leave work and start drinking. Complaint ¶¶ 34-38. There is no allegations that the medical personnel paid any attention to Jackson's grousing. There is no allegation that Rittner suffered any physical injury as a result of defendants' alleged actionable conduct.

Rule 8(a), Federal Rules of Civil Procedure provides for notice pleading.  *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  The United States Supreme Court held in *Erickson v. Pardus,* 551 U.S. 89, 93127 S.Ct. 2197 (2007):

> . . . Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts showing that the pleader is entitled to relief are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.': *Bell Atlantic Corp. v. Twombly,* 550 U.S. __, __, 127 S.Ct. 1955, __ (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).

Moreover, *pro se* complaints must be liberally construed.  *Erickson v. Pardus*, 551 U.S. at 94; *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980).

The Eighth Amendment forbids prison officials from "unnecessarily and wantonly inflicting pain" on an inmate by acting with "deliberate indifference" toward the inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To demonstrate an Eighth Amendment deprivation, a prisoner must show that a prison

official acted with deliberate indifference to his serious medical needs. Here the allegations in the complaint, if proved, would not establish that defendants deliberately subjected Rittner to cruel and unusual punishment. Defendants West and Bryant merely followed their duty station orders and transported Rittner to the hospital for the outpatient medical procedure. There is no allegation that Rittner requested pain medication from them. Further, the kind of temporary discomfort the complaint alleges is simply not actionable under the Eighth Amendment.

Defendant Jackson is alleged to have been insensitive, but there is no allegation that he took any action that, in fact, interfered with Rittner's medical treatment or caused him any physical injury. Verbal abuse is not actionable under the Eighth Amendment. *Ivey v. Wislon*, 832 F.2d 950, 955 (6th Cir. 1987.)

Accordingly, it is hereby **RECOMMENDED** that the complaint be **DISMISSED** for failure to state a claim under 42 U.S.C. §1983.

**IT IS FURTHER ORDERED** that the United States Marshal serve upon each defendant named in part III, B and C of the form civil rights complaint a summons, a copy of the complaint, and a copy of this Order.  Defendants are not required to answer the complaint unless later ordered to do so by the Court.

The Clerk of Court is DIRECTED to mail a copy of this Order to the Attorney General of Ohio, Corrections Litigation Section, 150 East Gay St., 16th Floor, Columbus, OH  43215.

If any party objects to this Report and Recommendation, that party may, within

ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. See 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to de novo review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). See also *Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

s/Mark R. Abel
United States Magistrate Judge