IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DANIEL L. RITTNER, SR.,        :

       Plaintiff        :        Civil Action 2:10-cv-628

    v.        :        Judge Holschuh

ANDRE JACKSON, *et al.*,        :        Magistrate Judge Abel

       Defendants.        :

**OPINION AND ORDER**

This matter is before the Court pursuant to the July 14, 2010 initial screening report and recommendation of the Magistrate Judge (Doc. 7). In this, the Magistrate Judge recommended that Plaintiff's complaint be dismissed for failure to state a claim under 42 U.S.C. §1983. Plaintiff did not explicitly file objections to this report and recommendation. However, he requested that the Court delay this proceeding until he could file an amended or supplemental pleading (Doc. 16), and later filed a motion for leave to amend or supplement his complaint (Doc. 18). The Court will now determine whether this matter should be dismissed pursuant to 28 U.S.C. §1915A(b)(1) as "frivolous, malicious, or [failing] to state a claim upon which relief may be granted."

The following allegations are taken from Plaintiff's complaint. Plaintiff is an inmate at Allen Correctional Institution. On September 4, 2009, Plaintiff, who was

1

then at Correctional Medical Center, was taken to Ohio State University Medical Center ("OSUMC") for scheduled cervical spinal surgery.  He arrived at OSUMC at 5:30 A.M., although his appointment was scheduled for 11:00 A.M.  During that time, he waited in the OSUMC inmate holding area.  Plaintiff alleges that he "suffered severe neck and back pain, was hand cuffed with belly chain and leg restraints", and that he was not given pain medication.  At 12:12 P.M., Plaintiff was escorted to pre-op holding and prepared for surgery, including the insertion of an IV and completion of forms.  During this time, he overheard the corrections officer on duty, Andre Jackson, tell the nurses present that he planned to spend the upcoming three-day holiday weekend getting drunk.  While one of the surgeons was attempting to explain to Plaintiff the nature of the medical procedure, Jackson interrupted the preparations for surgery by demanding that the surgeon stop talking to Plaintiff and hurry up.  After Plaintiff's surgery, Jackson then came to the post-op holding area and accosted him while he was coming out of anaethesia, ordering him to stop stretching his limbs and repeating again that he was in a hurry to leave.

In his complaint, Plaintiff alleges that the actions of Jackson in attempting to interfere with the surgical procedure constituted deliberate indifference to his serious medical conditions in violation of the Eighth Amendment.  He also alleges that the actions of two other corrections officers in transporting him to OSUMC several hours early for his appointment constituted an unnecessary and wanton infliction of pain in violation of the Eighth Amendment.

2

In his report and recommendation, the Magistrate Judge found:

> The Eighth Amendment forbids prison officials from "unnecessarily
> and wantonly inflicting pain" on an inmate by acting with "deliberate
> indifference" toward the inmate's serious medical needs. *Estelle v.
> Gamble*, 429 U.S. 97, 104 (1976). To demonstrate an Eighth
> Amendment deprivation, a prisoner must show that a prison official
> acted with deliberate indifference to his serious medical needs. Here
> the allegations in the complaint, if proved, would not establish that
> defendants deliberately subjected Ritter to cruel and unusual
> punishment. Defendants West and Bryant merely followed their duty
> station orders and transported Rittner to the hospital for the
> outpatient medical procedure. There is no allegation that Rittner
> requested pain medication from them. Further, the kind of temporary
> discomfort the complaint alleges is simply not actionable under the
> Eighth Amendment.
>
> Defendant Jackson is alleged to have been insensitive, but there is no
> allegation that he took any action that, in fact, interfered with
> Rittner's medical treatment or caused him any physical injury. Verbal
> abuse is not actionable under the Eighth Amendment. *Ivey v. Wislon*,
> 832 F.2d 950, 955 (6th Cir. 1987.)

(Doc. 7 at 3-4.) The supplement which Plaintiff proposes (Doc. 18) does little to

refute these findings. With respect to his early transport to OSUMC, Plaintiff now

refers to Defendants West and Bryant issuing "threats to physically injur[e]" him

which caused a third corrections officer to intervene to protect him. What these

threats might have been, however, Plaintiff has never stated. Plaintiff alleges that

West and Bryant deliberately inflicted wanton and unnecessary physical abuse

upon him by forcing him to sit in the holding area and wait for his appointment.

This is, as the Magistrate Judge said, the kind of temporary discomfort which is not

actionable under the Eighth Amendment. Although Plaintiff complains again that

he was deprived of pain relief from medications, he also mentions that this was

3

because all of his medications were medically ordered to be discontinued over twelve hours prior to surgery.  The Magistrate Judge correctly found that Plaintiff had not stated a claim under the Eighth Amendment against West or Bryant relating to his transport to OSUMC.

Plaintiff in his proposed supplemental complaint alleges with respect to Jackson that he used "excessive force" to intentionally interfere with an ongoing surgical procedure.  He describes himself as having suffered terror of instant death because Jackson held him and the medical staff "hostage" with his "brutality", and that he did not know when Jackson might attempt to physically intervene in the procedure or assault the medical staff.  This description of the circumstances adds no detail to, but rather wildly exaggerates, Plaintiff's own account in his complaint of Jackson's criticisms that the pre-operative procedure or post-operative recovery was taking too long.  As the Magistrate Judge found, Plaintiff does not actually allege that Jackson took any action that interfered with his medical treatment or caused him any physical injury.  Plaintiff's supposed apprehensions that Jackson "maliciously and sadistically" inflicted "terror of instant death" upon him through his grousing do not amount to cruel and unusual punishment, and are not actionable under the Eighth Amendment.

Accordingly, the Court **ADOPTS** the July 14, 2010 initial screening Report and Recommendation of the Magistrate Judge (Doc. 7).  Plaintiff's motions to appoint counsel (Doc. 14), to stay the proceedings pending the filing of an amended or supplemental complaint (Doc. 16), to stay the proceedings pending affidavits

(Doc. 17), and for leave to supplement the complaint (Doc. 18) are **DENIED**. This case is **DISMISSED** pursuant to 28 U.S.C. §1915A(b)(1) for failure to state a claim under 42 U.S.C. §1983.


Date: October 1, 2010                            **/s/ John D. Holschuh**
                                                 United States District Judge